MOSS V. STATE



NO. 07-04-0330-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



NOVEMBER 23, 2004



______________________________




ALONZO B. MOSS, III, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 33,504-E; HONORABLE ABE LOPEZ, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

ABATEMENT AND REMAND


 Appellant Alonzo B. Moss, III filed this appeal challenging the trial court's order
revoking his community supervision and imposing a four-year sentence for aggregated
theft. Both the clerk's record and reporter's record have been filed. Attorney Gerald D.
McDougal filed appellant's brief on October 12, 2004, and the State's brief is due to be filed
on December 13, 2004. Upon suggestion of death of appellant's attorney, we now abate
this appeal and remand the cause to the trial court.

 Upon remand, the trial court shall immediately cause notice of a hearing to be given
and, thereafter, conduct a hearing to determine the following:

 1. whether appellant desires to prosecute this appeal; and

 2. whether appellant is indigent and entitled to new appointed counsel.


The trial court shall cause a hearing to be transcribed. Should it be determined that
appellant does want to continue the appeal and is indigent, then the trial court shall also
take such measures as may be necessary to assure appellant effective assistance of
counsel, which measures may include the appointment of new counsel. If new counsel is
appointed, the name, address, telephone number, and state bar number of said counsel
shall be included in the order appointing new counsel. The trial court shall execute findings
of fact, conclusions of law, and such orders as the court may enter regarding the
aforementioned issues, and cause its findings and conclusions to be included in a
supplemental clerk's record. A supplemental record of the hearing shall also be included
in the appellate record. Finally, the trial court shall file the supplemental clerk's record and
supplemental reporter's record with the Clerk of this Court by Friday, January 14, 2005.

 Should new counsel be appointed, the Clerk of the Court is instructed to accept and
file any brief or supplemental brief newly appointed counsel desires to file. Absent a motion
for extension of time, new counsel's brief(s) shall be due within 30 days after filing of the
supplemental clerk's and reporter's records. The State's brief will be due within 60 days
following filing of the supplemental clerk's and reporter's records or within 30 days following
the filing of new counsel's brief(s), whichever is later. Tex. R. App. P. 38.6(a) & (b). 

 It is so ordered.


 Per Curiam



Do not publish.



"39" Name="toc 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00166-CR

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JANUARY
4, 2011

 



 

WILLIAM LEE BAUM,  

 

                                                                                         Appellant


v.

 

THE STATE OF TEXAS,  

 

                                                                                         Appellee

_____________________________

 

FROM THE 100TH DISTRICT COURT OF DONLEY
COUNTY;

 

NO. 3669; HONORABLE STUART MESSER,
PRESIDING

 



 

Memorandum
Opinion

 



 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

            Appellant
William Lee Baum was convicted of indecency with a child.  He seeks to overturn that conviction by
contending the trial court should have granted his motion to suppress his
statement to law enforcement officers. 
We disagree and affirm the judgment. 

            Appellant argues that his statement
was involuntary and the result of coercion. 
A hearing was held on his motion to suppress and the trial court denied
it.   At the time the State sought to
have the statement admitted into evidence before the jury, appellant stated,
No objection.  The statement was
admitted, and the State then asked to publish it to the jury.  The court granted permission, but before it
was published, appellant renewed his objections made prior to this trial and
urged that the statement be suppressed. 
The court overruled the objections.

            To preserve
error for review, a party must make a timely request, objection or motion.  Tex.
R. App. P. 33.1(a)(1).  To be
timely, the objection must be made at the earliest opportunity.  Gillenwaters
v. State, 205 S.W.3d 534, 537 (Tex. Crim. App. 2006) (stating that an
objection is timely if made as soon as the grounds for it become apparent).  Moreover, when a party affirmatively states
he has no objection when  evidence is
offered, any complaint is waived.  Holmes v. State, 248 S.W.3d 194, 196
(Tex. Crim. App. 2008).  

            Here,
appellant stated he had no objection when the evidence was first offered.  After it had been admitted and the State
sought to publish it to the jury, appellant reiterated the objections
promulgated at the suppression hearing. 
However, at that point, the objections were not timely.   

            Yet, even if
the objections were preserved, there would be no error.  According to the record, appellant
voluntarily appeared at the sheriffs office to undergo a polygraph.  He appeared calm to the officer administering
the test and received his Miranda warnings. 
When the test results indicated he was being disingenuous, he informed
the interrogator that he was not lying but that he would make a statement.  The interrogation lasted a couple of hours,
according to appellant, and he was allowed to go on a bathroom break during
its occurrence.  The interrogator also
testified that appellant was told, before making the written statement, that he
did not have to provide one and that the choice to do so would be voluntary.  From these indicia, the trial court had
factual basis to conclude that appellants statement was indeed voluntary.  This is especially so since the record
reveals that the trial courts decision was influenced by the credibility of
the witnesses who testified; in other words, the trial court could have
deigned appellants testimony about feeling coerced unbelievable.

            Accordingly,
appellants issue is overruled and the judgment is affirmed.

 

                                                                        Brian
Quinn 

                                                                        Chief
Justice     

 

Do not publish.